FILED

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre Sylvester Watts, #1379908:3

USP · Lee
POB 305          Plaintiff,      :
Jonesville, VA 24263-0805

                                 :

United States,

              Defendants.    :

CASE NUMBER  1:06CV01531

JUDGE: Richard J. Leon

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 08/30/2006

## CIVIL ACTION UNDER THE FEDERAL TORT CLAIM ACT

The plaintiff moves the district court under the Federal Tort Claim Act pursuant
to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 through 2680 to commence this action
against the defendants for maintaining certain information between agencies that
was not accurate information that later adversely affected plaintiff and civil remedies
and venue in this instance is proper.

## FACTS GIVING RISE TO THE CIVIL ACTION

On March 6, 2006 plaintiff advised the Case Manager Willis at United States
Penitentiary, Lee County, Jonesville, Va 24263 that her participation in obtaining files
from the probation officer Mary J. Tancinco at the Probation Department was inaccurate and
that same information had been used to deny plaintiff transfer to a lower security

RECEIVED

AUG 0 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

institution.

On March 22, 2006 the Warden (O'Brien) answered plaintiff grievance about the use

of the inaccurate information and he seemed to favor Case Manager Willis limited in-

terpretation of the memorandum by the Federal Bureau of Prisons dated March 15, 1994,

number 068-93(5820). See exhibit 1 attached.

Moreover, the warden (O'Brien) did not return plaintiff BP-9 grievance form so the

plaintiff proceeded with the appeal to the next level.

On March 29, 2006 the plaintifff filed his grievance a BP-10 to the Mid-Atlantic

Regional Office and they denied the grievance, obviously uphelding the decision of the

Warden and Ms. Willis.

On May 3, 2006 the plaintiff filed a BP-11 the last level of appeal in the grievance

proceedings and they denied the grievance as well as the preceding arbitrators.


## GROUNDS FOR FEDERAL TORT CLAIM ACTION


The United States is responsible for representing the Federal Bureau of Prison in

plaintiff claim for damage awards for transferring and maintaining inaccurate informa-

tion in his Central and Institutional Files that resulted in adverse effect to plaintiff.

See  5 U.S.C. § 552a(g)(1) in relevant part:

Civil remedies. Whenever any agency-

(C)  fails to maintain any recored concerning any individual with such accuracy, relevance
timeliness, and complwteness as is necessity to assure fairness in any determination
relating to the qualifications, character, rights, or opportunities of, or benefits to the
individual thay may be made on the basis of such record and consequently a determation is
made  which is adverse to the individual; or

(D)  fails to comply with any other provision of this section, or any rule promulgated
thereunder, in such a way as to have adverse effect on an individual,
the individual may bring a civil action against the agency, and the district courts of the
United States shall have jurisdiction in the matters under provisions of this subsection

(4)  In any suit brought under the provisions of subsection (g)(1)(C) or D of this section
of this section in which the court determines that the agency acted in a manner which was
intentional or willful, the United States shall be liable to the individual in an amount

equal to the sum of-

(A) actual damages sustained by the individual as a result of the refusal or failure
but in no case shall a person entitled to recovery receive less than the sum of $ 1,000;
(B) the costs of the  action together with reasonable attorney fees as determined by the
court.

(5)  An action to enforce any liability created under this section may be brought in the
district court of the United States in the district in which the complaintant resides, or
has his principal  place of business, or in which the agency records are situated, or in
the District of Columbia, without regard to the amount in controversy.

   The plaintiff submits that the holdings in Sellers v Bureau of Prisons, 959 F.2d 307

(D.C. Cir. 1992) is precedent in the circumstances of plaintiff case. For example, the

plaintiff gave Ms. Willis, Warden O'Brien, Mid-Atlantic Regional Office and Central Office

in D.C. the chance to take reasonable steps to ensure the accurracy of the challenged

information to be corrected so it would not be used adversely affecting plaintiff and they

did nothing but allowed the inaccurate information to be used to deny plaintiff transfer,

etc, in the pass as well as other forms of stigma's. Furthermore, Ms Willis and Warden

O'Brien was in a position earlier on in the grievance proceedings to correct the inaccurate

information. Instead, they (Willis and O'Brien) cited a portion of the memorandum of March

15, 1993: "Unit team staff need to take reasonble steps to ensure the accuracy of challe-

nged information in a inmates central and institutional files, particularly when the

information challenged can be verified. Initial reasonable steps include specific actions

from the inmate, such as providing documents which support a challenge to the information

in the files." Plaintiff provided them with a data clearance sheet that said that plaintiff

had a 1976 conviction for assualt on a police officer. There have never been a certificate

of conviction for a assault on a police officer , court proceedings, or judgment of

commitment order. Plaintiff advised Ms. Willis to contact Mary J. Tancinco who conducted

the presentence investigation report. Not only did the presentence investigation have

no evidence for the allege assault on a police officer. But it had no evidence plaintiff

(3)

tried to remove the arresting officer service revolver during the arrest. Moreover, the plaintiff is responsible for a drug trafficking conviction that do not have a court proceeding, certificate of conviction or judgment of commitment order. See attachments of allege convictions and allegations that are false.

Hence, the memorandum required Ms. Willis to do as set forth on pg. 2 of the March 15, 1993 memorandum: "Unit team staff need to take reasonable steps to ensure the accuracy of challenged information. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information. Unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that the information in an inmate's central files is incorrect, that information must not be used by staff. Additionally, staff should also request an updated pre-sentence report from the residing probation officer that conducted the presentence invest-igation.

Plaintiff made Ms. Willis aware of Mary J. Tancinco who conducted the presentence in-vestigation report and also was geared to correct other inaccurate information mention in the attachments and she (Willis) dismissed plaintiff advise thereby rising to the level of intentional and willful maintainence of inaccurate information that was doomed to adverse affect plaintiff central and institutional files. Thus, as a agent for the Federal Bureau of Prisons is wrong for being so disregarding of the requirement when it comes to a prisoner files.

The plaintiff asserts that he should be awarded damages in the amount of $ 50,000 since plaintiff have met preponderance of evidence standards through the facts, exhibits, attachments and points and authorities of law in the above in below. See 28 U.S.C. § 1346 (b) in relevant part:

(4)

The district courts shall exclusive jurisdiction of civil actions on claims against
the United States, for money damages, accruing on and after January 1, 1945, for injury
or loss of property, or personal injury or death caused by the negligent or wrongful act
or omission of any employee of the Government while acting within the scope of his office
or employment, under circumstances where the United States, if a private person would be
liable to the claimant in accordance with the law of the place where the act or omission
occured.

The Supreme Court held in Berkovitz v United States, 486 US 531, 538 (1998) that
discretionary function exception will not apply when a federal statute, regulation or
policy specifically prescribes a course of action for an employee to follow.

Ms. Willis was obligated under 5 U.S.C. § 552a of the Privacy Act and its provisions
to maintain accurate information in its files as a Federal Bureau of Prison employee and
she omitted her duty thereof and the plaintiff suffered adverse affect when the informa-
tion had been used on a series of occassion that resulted in plaintiff not getting his
public safety factor waived; denial educational and vocational transfer; and custody and
classification reviews resulting in unfavorable results do to the inaccurate information
in the plaintiff files that could have been corrected. See Townsend v Burke, 334 US 736
the Supreme Court prohibited a defendant sentence to stand since the information was
incorrect, therefore, Sellers v Federal Bureau of Prisons, supra satisfies the legal
points of authorities premise on the facts of this case and for that reason the court
should award damages requested in the above, or order the defendants to try a settlement
or compromise.

Moreover, plaintiff argues that its worth noting that plaintiff is a D.C. Code Offender
being housed in the Federal Bureau of Prisons do to the closure of Lorton, however. Under
D.C. Code 24 § 101 the Federal Bureau of Prisons entered a contract and breached that
contract by not complying with the statute, 18 U.S.C. § 4042 and is the proper basis to
prevail against the defendant for said money damages. Logue v United States, 412 US 521
(1973). A prisoner in custody of another agency through contractual agreement proffered

(5)

evidence for money damages under the Federal Torts Claim Act which is objective and

subjective analogous to this case.

## CONCLUSION

Wherefore, plaintiff prays that the district court will grant the money damages

requested by plaintiff or suggest to defendant to settle or compromise to preserve

judicial time and resources.


Date:_____                        Respectfully Submitted


                                    _____    _____   _____
                                             UCC 1-207


(6)