EXHIBIT 1


Letter to Ms. Willis about different aspect of inaccurate information in my
files that she refused to correct or contact the probation officer Mary J.
Tancinco, and then the response to the grievance filed to the Warden O'Brien
which omitted the BP-9 and responded in the form of a inmate request, which
was dereliction.

06 1529
**FILED**

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BP-A148.055
SEP 98

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Willis, Case Manager | DATE: March 6, 2006 |
|---|---|
| FROM: Andre Watts | REGISTER NO.: 13799083 |
| WORK ASSIGNMENT: Educ | UNIT: C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Having discovered that my files indicate I was part of a riot in FCI Allenwood thus it doesn't distinguish whether my presence was general or instrumental. That has adverse affect and it requires you to locate the proper party who can give you some data for determination of my presence. Additionally, there is a conviction in 1976 that I haven't been convicted of and that to is false and adversely affects for consideration for parole, community correction placement and also security decrease. Attached is the memorandum guiding you on what steps to take when you are presented with the above complaints. I anticipate your response in 5 days.

(Do not write below this line)

DISPOSITION:

cc:filed

Warden O'Brien
Congressman Wynn

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        SECTION 6

                                                                  ORG: BOP
      REGNO: 13799-083   NAME: WATTS, ANDRE   RES: WASHINGTON, DC 20001
RC/SEX/AGE: B/M/43  FORM D/T: 02-16-2000/1217   RES: WASHINGTON, DC 20001
OFFN/CHG..: DC ADULT/ROBBERY-3 TO 9YRS;ASSAULTING, RESISTING, OR
            INTERFERING WITH A POLICE OFFICER-1 TO 3YRS.
CUSTODY...: IN        BIL: BIL DCTRAN   CR HX PT: UNK    CAR:
CITIZENSHP: UNITED STATES OF AMERICA   PUB SAFETY: GRT SVRTY,SENT LGTH
CIM CONSID:                                          USM: DC
JUDGE.....: MORRISON    REC FACL: NONE       REC PROG: N/A
DETAINER..: LOW/LOW MOD SEVERITY: GREATEST   MOS REL.: 129
PRIOR.....: SERIOUS     ESCAPES.: NONE       VIOLENCE: > 10 YRS MINOR
PRECOMMT..: N/A         V/S DATE:            V/S LOC.:
OMDT REF..: NO          SEC TOT.: 12         SCORED LEV: MEDIUM
CCM RMKS..: DC TRANS CASE/NO PSI OR CONDUCT OF OFFENSE/PRIOR BOP CUSTODY/
            PRIORS:'76 ASSAULT-HIT A POLICE OFFICER;RES ARREST;JOSTLING,
            LAR/NO HX DRUGS, MED CONCERNS, OR PSY CONCERNS INDICATED IN
            THE FILE/LENGTHY DISCIPLINARY HISTORY WITH BOP/NO CIMMS/(JJB)
DESIG: CRL 2CP              BOP AF  06-11-2001 RSN: LEVEL  MSL:
MGTV/MVED.:
DESIG RMKS: 06-11-2001/CO/AF: TRF FRM DCDOC (LORTON) VIA A-BOP HLD: BUF.


G0002      MORE PAGES TO FOLLOW . . .

## INMATE REQUEST TO STAFF MEMBER

NAME: WATTS, Andre                             DATE OF REQUEST: 03-06-06

REGISTER NUMBER: 13799-083                     UNIT: C

### NUMBER: 148-06

This is in response to your Inmate Request to Staff Member dated March 6, 2006. You claim you are being adversely affected for parole consideration, Community Corrections Center (CCC) placement, and security decrease because of information in your central file. Specifically, you claim there is incorrect information indicating you were part of a riot at FCI Allenwood, and you were never convicted of an Assault on a Police Officer in 1976.

Your Unit Team has reviewed both volumes of your central file. You were received at FCI Allenwood on October 13, 1995, where you were placed in the Special Housing Unit (SHU) and moved to general population three days later. There is no information in your central file referencing your involvement, either general or instrumental, in a riot at FCI Allenwood.

A review of your Pre-Sentence Investigative (PSI) Report indicates you were convicted on November 3, 1976, for Assault on a Police Officer. Your Unit Team has asked you to provide information to support your challenge of false information in your PSI. You stated you do not have any information to prove it is false other than a copy of a Security Designation Data Sheet, dated January 27, 2004. When shown the above-mentioned conviction in your PSI, you stated you had not seen it before, and it was not true. According to Operations Memorandum 068-93 (5820), Maintenance of Inmate Files, "Unit Team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files." You have not provided any documentation to support the challenge of false information in your central file.

_____                        **3-22-06**
Terry O'Brien, Warden                           Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Watts    Andre    S__    __13799083__    __C__    __USP Lee__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL**

　　The grievant appeals the preceding grievance (BP-9) response.  Grievant still submit that the information:  (1) 1976 conviction of assault on police; (2) inciting a riot at FCI Allenwood in 1995 is false and the arbitrates obviously haven't followed the directive of the memorandum (Sellers v. BOP) to authenicate said reference from the PSI that's drawn in question.  In fact, there is no certificate of conviction for the 1976 conviction, and that's proof that the information is false, and is apparently used to deter security reduction, halfway house and parole consideration.  Under the holdings in Sellers v. BOP, the inmate that are adversely affected by inaccurate or false information in his files is entitled to redress.  Grievant is primarily seeking to have the information deleted from his institutional and central files or any other files in SENTRY.

__March 29, 2006__
DATE

__Andre S. Watts (ucc 1-207)__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

APR 0 5 2006

Bureau of Prisons
MARO Regional Counsel

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　CASE NUMBER: __40788-R1__

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 21, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : ANDRE WATTS, 13799-083
      LEE USP    UNT: C    QTR: C01-307L
      P.O. BOX 900
      JONESVILLE,  VA 24263


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 410788-R1      REGIONAL APPEAL
DATE RECEIVED  : APRIL 5, 2006
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION    REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: ___Watts___ ___Andre S___ ___13799083___ ___C___ ___USP Lee___
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

The grievant submitted the BP-9 but never received a answer, therefore, the excuse to that degree should void. Next, the grievant should be recognized at this stage as having exhausted the administrative remedy procedure accordingly. See attached BP-9. The grievant seeks the original relief request in the preceding grievances.

___7-3-06___
DATE

___Andre S. Watts___
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

```
R E C E I V E D
    MAY 1 5 2006
Administrative Remedy Section
```

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: ___410788___

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE

⊛ PRINTED ON RECYCLED PAPER

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

USP LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 17, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ANDRE WATTS, 13799-083
      LEE USP    UNT: C    QTR: Z04-251L
      P.O. BOX 900
      JONESVILLE,  VA 24263


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 410788-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : MAY 15, 2006
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: SEE REMARKS.

REMARKS         : CONCUR WITH REGION'S RATIONALE FOR REJECTING
                  THIS APPEAL.

ATTACHMENTS


A.    Memorandum of March 15, 1993 guiding the Bureau of Prison employess on
      what actions to take on inmates who claim that their files are inaccurate.


B.    Documented Progress Report indicating that plaintiff have a drug trafficking
      conviction which is false because there is record of court proceedings,
      certificate of conviction, judgment and commitment order.

C.    Plaintiff motion for a show cause order to correct inaccurate information that
      alleges that plaintiff tried to remove the arresting officer revolver during
      arrest June 12, 1998 which is false and was not part of the guilty plea or was
      indicted or presented in a information or criminal complaint, simply a self
      serving statement apparently direct to the probation officer by the  prosecutor.

D.    Adminstrative Remedy challenging the inaccurate information of allege  trying to
      remove the arresting officer revolver during arrest June 12, 1998. But grievance
      to no avail.

E.    Another occassion prior to the above occassions where plaintiff complained of
      the inaccurate information in his files to another employee of the Federal
      Bureau of Prisons. But to no avail, simply dereliction by the employees.

(A)

U.S. Department of Prisons
Federal Bureau of Prisons

| | |
|---|---|
| Number | 068-93  (5820) |
| Date | March 15, 1993 |
| Subject | Maintenance of Inmate Files |

# Operations Memorandum

Cancellation Date   **March 15, 1994**

1. <u>PURPOSE</u>. The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2. <u>BACKGROUND</u>. In <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified. The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages. The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." <u>Sellers</u> at 312. The <u>Sellers</u> court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed. If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

**FILED**

AUG 3 0 2006    *Exhibit A*

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1531

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3.  <u>ACTION</u>.   Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified.   Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered.   Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged.   If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer.   These procedures will be incorporated into the Central File Program Statement at the next annual review.

Patrick R. Kane
Assistant Director
Correctional Programs
Division

Wallace H. Cheney
Assistant Director
Office of General Counsel

(B)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

PROGRESS REPORT - PAGE 3

Committed Name:WATTS, Andre          Reg. No.: 13799-083   Date: January 23, 2004

_____

C.    **USPO** -(Sentencing District)
        Sharon Barns Durbin
        Community Supervision Offender Services Agency
        District of Columbia
        300 Indiana Ave., N.W. Room 2149
        Washington, D.C. 20001

D.    **Release Preparation Program**:  Inmate Watts will be enrolled in the Release
      Preparation Program (RPP) when eligible. The components of the RPP include:  Health
      and Nutrition, Employment, Personal Finance/Consumer Skills, Community Resources,
      Release Requirements and Procedures, and Personal Growth and Development.

      **OFFENDER ( X ) IS ( ) IS NOT SUBJECT TO NOTIFICATION PURSUANT TO 18 U.S.C.
      4042(b), THE VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994, DUE TO THE
      OFFENDER'S:**
              ( ) **CURRENT CONVICTION FOR A DRUG TRAFFICKING CRIME.**
              ( X ) **PAST CONVICTION FOR A DRUG TRAFFICKING CRIME.**
              ( X ) **CURRENT CONVICTION FOR A CRIME OF VIOLENCE.**
              ( ) **PAST CONVICTION FOR A CRIME OF VIOLENCE.**

18.   Prepared by:   *R. Louk*                              Date: January 23, 2004
                     R. Louk, Case Manager (304)462-0395

19.   Reviewed by:   _____                       Date: January 23, 2004
                     D. McAdams, Unit Manager

20.   Date Typed:   January 23, 2004 rdl

06 1531

# FILED

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(C)

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SPECIAL   PROCEEDING   SECTION


Andre Sylvester Watts,

                   Petitioner,

         v

Social Service Division-Adult Branch

                   Respondents


ORDER OF SHOW CAUSE PURSUANT TO SCR. Civ. RULE 81(a)


     Comes Now Andre Sylvester Watts, Secured Party/Creditor, sui juris, petition

the court of equity for a Order of Show Cause pursuant to SCR. Civ. Rule 81(a)

directing the respondents to show cause why the court should not amend the

Presentence Investigation Report and the delete the false information as described

hereinbelow:


FACTUAL CASE SUMMARY


     On or about May 26, 1999 Probation Officer Mary Jane Tancinco conducted a

Presentence Investigation Report. That proceeding resulted in false information

being edited said Probation Officer[ petitioner hand was removed from the officer

weapon by a Gas Company employee] and adversely affects petitioner then and now.


06 1531

FILED

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

That same information was used to impede the petitioner from reduction of custody classification, parole and other forms of rehabilitative programs. See PSI report attached highligted.

The Supreme Court in <u>Townsend v Burke</u>, 334 US 736 held that it was error for a court to use inacurrate information. Particularly, when the information is false and affects the defendant like in this case. Hence, the Federal Bureau of Prisons continues to classify petitioner in manner that impedes his potential to get transfered to another facility that has a lesser security. See attachment.

The Federal Bureau of Prison has been advised in the pass that it could not continue to used inaccurate information that adversely affects the prisoner. See <u>Sellers v Federal Bureau of Prisons</u>, CADC, 959 F.2d 307. Therefore, the false information that petitioner hand was removed from the officer weapons by an Gas Company employee should be removed from the petitioner Presentence Investigation Report, following amendment of the Presentence Investigation Report.

The petitioner has made a prima facie case for the court to issue a Order directing the respondent to show cause why the court should not remove said false information that petitioner tried to remove the arresting officer weapons. <u>id</u> 736. See <u>Stewart v Overholser</u>, CADC, 186 F.2d 339.

For causes and reasons in the above supported by facts, attachments and points and authorities of law, the court has jurisdiction to issue the show cause Order.

Date: 2/27/06

Respectfully Submitted

*Andre S. Watts (c)(R), sui juris*

Andre S. Watts, (c)(R), sui juris
Secured Party/Creditor
Authorized Representative
Attorney – In – Fact
UCC 1-207
UCC 2005150282-9

3

**CONTACTS:**

5/17/99    Interview with the defendant.

5/17/99    Telephone call to AUSA.

5/17/99    Telephone call to the defendant's mother, Elizabeth
                Watts.

**OFFICIAL VERSION:**

        The Statement of Facts reads as follows:

        On 6/12/98, the witness reported while entering 1100 New York
Avenue, NW, an unknown black male distracted her while the
defendant went into her purse and removed her wallet.    As the
witness turned around, both the defendant and the unknown black
male fled across the street in an attempt to flee.    The witness
followed the males, but lost sight of them.  Witness 2 was working
at 1100 H Street, NW, at the Washington Gas Company, on a part-time
capacity.    Two males exited the employees' stairwell who were not
employees of the gas company along with Witness 2, who observed the
males and proceeded to escort them of the premises.    When Witness
1 came into the building and stated, "Stop them they took my
wallet", the unknown black male fled out of the building and made
good his escape.  The defendant ran through a stairwell leading him
downstairs into the building.  Witness 2 ensued.    The defendant
threw down a wallet as a chase continued and finally ended.    The
wallet was recovered and identified as belonging to the witness.
At the end of the chase a struggle ensued and the defendant grabbed
Witness 2's service weapon.  Present, during the struggle were some
gas companies employees, one of which removed the defendant's hands
from the weapon.    Additional officers arrived on the scene and put
handcuffs on the defendant.  The defendant was transported outside
of the building where he was positively identified by Witness 1.
The defendant was than transported to the First District where he
was processed and advised.

**DEFENDANT'S VERSION:**

        "I stuck my hand in the lady's pocketbook.    I ran.    The
officers arrested me....I was on heroin, negative behavior comes
out.    I started again, when I start using, negative behavior comes
with it."

Known Injuries/Damages:    See attached Victim Impact Statement.

9

**RECOMMENDATION:**

Incarceration.

Respectfully submitted,

Mary Jane Tancinco
Probation Officer
508-1925

Approved by: Frankie McNeil-Bright
Supervisory Probation Officer
508-1619

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS,<br>     Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>     Respondent. | )<br>)<br>)<br>)     Civil Action No. 7:05CV00601<br>)<br>)<br>) |

## DECLARATION OF SHARON WAHL

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1.  I am the Legal Instruments Examiner for the Consolidated Legal Center located at the Federal Correctional Institution (FCI), Beckley, West Virginia.

2.  The Beckley Consolidated Legal Center oversees legal matters arising at various Bureau of Prisons institutions, including matters that arise at the United States Penitentiary (USP), Lee County, Virginia.

3.  As the Legal Instruments Examiner, I have access to SENTRY, the Federal Bureau of Prisons' online inmate information system. This system tracks administrative remedy data, sentencing data, and other information regarding inmates in the Bureau of Prisons' custody. I also have access to inmate files including central files, medical records, and administrative tort claim files of inmates at Bureau of Prisons facilities.

4.  Andre Sylvester Watts, Reg. No. 13799-083, is a federal inmate currently confined at USP Lee County.

5.  A review of inmate Watts's file on SENTRY reveals that inmate Watts has been incarcerated at USP Lee County since March 1, 2004.

6.  A review of inmate Watts's Presentence Investigation Report ("PSI") shows that Inmate Watts was convicted of Robbery and Assault on a Police Officer.

7.  According to the Statement of Facts section of the PSI, inmate Watts stole a wallet from a woman's purse and then fled. He was apprehended by an officer

and a struggle ensued. During the struggle, inmate Watts "grabbed" the officer's service weapon. Other individuals present at the scene subdued inmate Watts and removed his hands from the weapon.

8.    A review of Inmate Watts's February 2005 Custody Classification Form reveals that his current offenses are considered Greatest Severity Offenses and resulted in seven points being added to his Base Score for determining custody classification.

9.    A review of the February 2005 Custody Classification Form reveals that inmate Watts's custody level remained the same as in the previous consideration.

10.    Due to the nature of Watts's current offenses, the Greatest Severity Offense Public Safety Factor also applies in his case and he must therefore be housed in at least a Low security level institution, pursuant to Program Statement 5100.07, Cpt. 7.

11.    Attached are true and accurate copies of the following:

Attachment 1: Male Custody Classification Form dated February 9, 2005 for inmate Andre Sylvester Watts, Reg. No. 13799-083.
Attachment 2: Judgment and Commitment Order for Andre Sylvester Watts dated May 26, 1999.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of November 2005.

Sharon Wahl
Legal Instruments Examiner
Beckley Legal Center

# Superior Court of the District of Columbia

Criminal Division
500 Indiana Ave. NW
Washington, D.C. 20001-2131  Room 4001

March 3, 2006

Dear Mr. Watts:

This letter is in reference to your recent submission of an "Order of Show Cause Pursuant to SCR. Civ. Rule 81(a)." I have sent this court filing back to you (enclosed) because no case number or date of birth for the petitioner/filer has been provided. Without this information, I am not able to process your request and/or forward it to the correct division, branch, and/or presiding judge. Upon receipt of the aforementioned information (to be submitted with the filing), I will be able to process your filing. I apologize for the inconvenience.

Respectfully,

Marlene Milgram
Deputy Clerk
Criminal Information Center

(D)

# District of Columbia
# Court of Appeals



F I L E D

JUL 2 7 2006

DISTRICT OF COLUMBIA
COURT OF APPEALS

**No. 06-OA-18**

ANDRE SYLVESTER WATTS,

                                Petitioner,

     v.                                                     **F4255-98**

CLERK, SPECIAL PROCEEDINGS SECTION,

                                Respondent.


BEFORE:     Glickman and Kramer, Associate Judges and King, Senior Judge.

## O R D E R

     On consideration of the petition for writ of mandamus, and the order issued by the Superior Court on August 3, 2001, directing the Clerk of the Superior Court to refuse to accept for filing any future submission from or on behalf of the petitioner unless there was a written order authorizing the submission, and there appearing to be no such order, it is

     ORDERED that the petition for writ of mandamus is denied.


                                      PER CURIAM


Copies to:

Clerk, Superior Court

Clerk, Special Proceedings Branch

Andre S. Watts
Fed No. 13799-083
USP Lee
P.O. Box 305
Jonesville, VA 24263-0305

Roy W. McLeese, III, Esquire
Assistant United States Attorney

lw

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

1/17/06

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Watts | Andre | 13799083 | C | USP Lee |
|---|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

There's been a continuing use of false information by the Federal Bureau of Prisons, delegates of the Department of Justice: "I tried to take the officer gun during arrest." The information derive from the Presentence Investigation report and has been used primarily to deny transfer. You must either seek modification by the Probation Department or cease the use of the false information. Otherwise grievant is forced to pursue judicial scrutiny of the program statement and application by each person arbitrate thereof. No further Informal Resolution is necessary since its been concluded by unit team (Willis) that they're going to be evasive. See attached.

2/21/06
_____
DATE

*Andre S. Watts (w/s)*
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

06 1531
**FILED**

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**       CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**
Return to:

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Ms. Willis, CM | DATE: 2/11/06 |
|---|---|
| FROM: A. Watts | REGISTER NO.: 13799083 |
| WORK ASSIGNMENT: Educ | UNIT: C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Previously Unit Teams, Administrative, Executive and legal representatives used false information to category me as a 7 greater severity under custody/classification. That false information; I tried to take the arresting "officer gun" has undermined my chance of making parole, halfway house, and transfer to lesser security institution. It is error for the above named parties use another agency records, i.e. probation department who have themselves reported false information (testimony of bystander at crime scene) within its record or records. The only resolution in this complaint is ask probation dept., to either modify or correct the context of PSI. forasmuch P.S. 5800.11 constitute a basis for liability for using another agency records.

(Do not write below this line)

DISPOSITION:

cc; filed
Congressman Wynn

Watts: See me during open house or on my late night so we can discuss what you've stated above.

| Signature Staff Member MSWillis | Date 2/14/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

(E)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) **Petitte, Case Manager** | DATE: July 11, 2005 |
|---|---|
| FROM: Andre Watts | REGISTER NO.: 13799083 |
| WORK ASSIGNMENT: E.W. Compound | UNIT: J |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

The following information needs to be removed from my institution file because its either

false or unsubstantiated: 1) 1976 Assault conviction, 2) Progress report of Jan 23, 2004

referencing a drug trafficing conviction and 3) 1995 - 1996 participation in riot at

FCI Allenwood. If this information isn't removed then I have no other choice but to

commence a grievance process and after exhaustion thereof I'll be filing a civil complaint

under the privacy act. See Sellers v BCP.

I trust that we network togather in getting this information removed.

**Tah**

**Thank You**

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date | 06 1531 |
|---|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**FILED**

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT