UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS,<br>#13799083<br>USP - Lee - POB 305<br>Jonesville, Virginia 24263-0305<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-1531 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING PLAINTIFF'S PAYMENT OF FULL FILING FEES UNDER THE PLRA,
OR IN THE ALTERNATIVE, TO TRANSFER**

Defendant respectfully requests this Court to stay these proceedings pending Plaintiff's payment of the full filing fee because Plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to *in forma pauperis* status under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.[1]

In the alternative, Defendant respectfully requests that the Court transfer this case to the United States District Court for the Western District of Virginia, where Plaintiff is incarcerated, for the convenience of the parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. § 1404(a). A proposed order consistent with the relief requested herein is attached.

---

[1] Because the "three strikes" provision affects the Plaintiff's ability to bring the suit, this motion is intended only to revoke Plaintiff's *in forma pauperis* status and is not intended as a motion pursuant to Fed. R. Civ. P. 12. Therefore, the United States respectfully reserves any and all defenses available under Rule 12.

**BACKGROUND**

Plaintiff Andre Sylvester Watts, is currently incarcerated at the United States Penitentiary, Lee County, Virginia (USP Lee County). See, e.g., Compl. USP Lee County is located in the geographical jurisdiction of the Western District of Virginia. Plaintiff brings the instant action pro se against the United States of America under the Federal Tort Claims Act ("FTCA"), seeking money damages for the Bureau of Prison's maintenance of allegedly inaccurate information in its files. Id.

Plaintiff is a serial filer, having filed over 65 suits in various federal courts. See Defendant's Exhibit A, PACER Case Index Report. Of these suits, at least 7 have been dismissed such that they count as strikes under the PLRA.

According to court records, on June 29, 2006, the United States District Court for the Western District of Virginia dismissed Plaintiff's civil action number 7:06CV00392 for failing to state a claim upon which relief may be granted. See Defendant's Exhibit B, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00291, United States District Court for the Western District of Virginia.

On May 31, 2006, Plaintiff's civil action number 7:06CV00334 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Defendant's Exhibit C, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00334, United States District Court for the Western District of Virginia.

On May 12, 2006, the United States District Court for the Western District of Virginia dismissed Plaintiff's civil action number 7:06CV00291 for failing to state a claim upon which relief may be granted. See Defendant's Exhibit D, Memorandum Opinion and Final Order, Civil Action No. 7:06CV00291, United States District Court for the Western District of Virginia.

On January 31, 2006, Plaintiff's civil action number 7:05CV00601 was dismissed for failing to state a claim upon which relief may be granted.  See Defendant's Exhibit E, Memorandum and Final Order, Civil Action No. 7:05-CV-00601, United States District Court for the Western District of Virginia.

On May 6, 2005, Plaintiff's civil action number 7:05-CV-00258 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  See Defendant's Exhibit F, Memorandum Opinion and Final Order, Civil Action No. 7:05-CV-00258, United States District Court for the Western District of Virginia.

On December 16, 2004, Plaintiff's civil action number 7:04-CV-00740 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  See Defendant's Exhibit G, Memorandum Opinion and Final Order, Civil Action No. 7:04-CV-00740, United States District Court for the Western District of Virginia.

On July 29, 2002, Plaintiff's civil action number 1:02-CV-00861 was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  See Defendant's Exhibit H, Docket Entry 4, Civil Action No. 1:02-CV-00861, United States District Court for the Eastern District of Virginia.

On April 15, 2002, Plaintiff's civil action number 1:02-CV-00432 was dismissed pursuant to 28 U.S.C. § 1951A(b)(1) for failure to state a claim.  See Defendant's Exhibit I, Docket Entry 3, Civil Action No. 1:02-CV-00432, United States District Court for the Eastern District of Virginia.

# ARGUMENT

## I.   PLAINTIFF IS NOT ENTITLED TO *IN FORMA PAUPERIS* STATUS.

To reduce the number of meritless claims filed by inmates, Congress established new standards for granting *in forma pauperis* status through the enactment of the PLRA.  See Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments.  See 28 U.S.C. § 1915(b); Chandler, 145 F.3d at 1357.  However, absent imminent danger[2] of serious physical harm, an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision).  See 28 U.S.C. § 1915(g); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler, 145 F.3d at 1357.  If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed.  See Smith, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g).  See Ibrahim, 208 F.3d at 1036.  Additionally, dismissals for failure to exhaust administrative remedies have been held to count as strikes under § 1915(g) since such dismissals

---

[2]An inmate faces "imminent danger" when a "threat or prison condition is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998).

are "tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003) (dismissal for failure to exhaust may count as a strike for purposes of § 1915(g)); but see Snider v. Melindez, 199 F.3d 108, 115 (2d Cir. 1999)(dismissal for failure to exhaust is not a strike).

Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. See 28 U.S.C. § 1915(g); Kalinowski v. Bond, 358 F.3d 978, 978 (7th Cir. 2004); Thompson v. Gibson, 289 F.3d 1218, 1222-23 (10th Cir. 2002); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  However, properly filed habeas petitions normally are not considered strikes under the PLRA.  See Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, this Court granted Plaintiff's motion to proceed *in forma pauperis* on August 30, 2006.  See Document No. 5.  There are, however, at least three prior cases filed by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim.  See, e.g., Def. Exh. A-I.  In fact, as set forth above, Plaintiff is a serial filer having filed over 65 suits in various federal courts.  See Def. Exh. A, PACER Case Index Report.  Of these suits, at least 7 have been dismissed such that they count as strikes under the PLRA.  Def. Exh. A-I.

While § 1915(g) contains a safety value for actions involving imminent danger of serious harm, the present action does not qualify for the safety valve.  See 28 U.S.C. § 1915(g).  Plaintiff alleges that the Bureau of Prisons is maintaining inaccurate information in its files that has been used to deny Plaintiff transfer to a lower security institution.  See Compl.  Therefore, because this is not a case that involves the imminent danger of serious harm, the Court should revoke

Plaintiff's *in forma pauperis* status, require Plaintiff to pay the full filing fee, stay this action pending Plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

## II. PLAINTIFF'S CIVIL ACTION SHOULD BE TRANSFERRED IN THE INTERESTS OF JUSTICE.

Plaintiff is a federal prisoner incarcerated at the U.S. Penitentiary, Lee County, Virginia, in the Western District of Virginia. See, e.g., Compl. The applicable venue provision is 28 U.S.C. § 1391(e):

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides . . . .

As a matter of judicial discretion, however, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Although the Bureau of Prisons resides in the District of Columbia, Plaintiff is incarcerated in, and for purposes of 28 U.S.C. § 1391(e)(3) is deemed to reside in, the Western District of Virginia. Moreover, all "of the events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(e)(2). For the convenience of the parties and witnesses, and in the interests of justice, under the facts of this case, this Court should exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the Western District of Virginia, where it might have been brought, where the alleged events or omissions occurred, and where Plaintiff resides.

A court may transfer a civil action to any district where the action could have been

brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The Court of Appeals has emphasized that motions to transfer cases filed by prisoners not confined or sentenced in the District of Columbia should be granted unless there is a "compelling reason" requiring the matter to be litigated in the District of Columbia. See Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc)("many if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate."); Gaffney-Bey v. Federal Bureau of Prisons, 651 F. Supp. 444, 446 (D.D.C. 1987).

The action by a district court to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir.1978), cert. denied, 440 U.S. 913 (1979). Consistent with this standard, federal courts have articulated three requirements with respect to such a transfer: (1) that a judicial district exists in which the case might have been properly brought, (2) that the convenience of the parties and witnesses would be better served in an alternative judicial district, and (3) that the interests of justice would be better served in an alternative judicial district. SEC v. Page Airways, Inc., 464 F. Supp. 461, 463 (D.D.C. 1978). All three requirements are met in the present action.

In addition, for civil cases brought by prisoners incarcerated outside the District of Columbia, the U.S. Court of Appeals for the District of Columbia Circuit has identified five factors for a district court to weigh in deciding whether to transfer a case under 28 U.S.C. § 1404(a). See Starnes, at 929-933.

First, the Court should consider the prisoner's difficulty in communicating with counsel. Starnes, at 929-30. For example, when a case is litigated in the District of Columbia on behalf of

a prisoner in a distant prison, the attorney is necessarily limited to the time-consuming and inefficient communication provided by letters that likely will lead to the counsel overlooking important nuances and possible issues. Id. at 930. In this case, Plaintiff is proceeding *pro se*; however, should Plaintiff retain counsel, he could more easily communicate with counsel in the Western District of Virginia than with counsel located in the District of Columbia.

Second, the Court should take into account the difficulty of transferring the prisoner for proceedings in the litigation. Starnes, at 930-931. The burdens and dangers involved in transporting a prisoner across long distances are a significant inconvenience to the Bureau of Prisons and will normally justify transfer to the district where the plaintiff is incarcerated. Id. at 931; see also Huskey v. Quinlan, 785 F. Supp 4, 7 (D.D.C. 1992)(noting that due to the difficulty of transferring a prisoner, compared to the relative ease with which federal officials can travel to give evidence, it is often appropriate to transfer a case in which the prisoner's testimony may be needed to the district where plaintiff is incarcerated); see also Gaffney-Bey, 651 F. Supp. 444, 447. Given the tenor of the Complaint, Plaintiff's testimony almost certainly would be required should any of his claims reach a trial stage. Plaintiff's testimony is readily available in the Wsetern District of Virginia because he is incarcerated in that district. There is great cost, difficulty, and security concern associated with transferring Plaintiff to the District of Columbia. Conversely, federal officials are available to travel at relatively little cost, difficulty or security risk.

The third factor is the availability of relevant witnesses and files. Starnes, at 931. Usually, the relevant records and potential witnesses in a prisoner suit are located in the district of the inmate's incarceration. See Meyer v Federal Bureau of Prisons, 929 F. Supp. 10, 14 (D.D.C. 1996)(transferring a case alleging that the BOP and a BOP employee violated the First

Amendment and the RFRA, by forcing plaintiff inmate to work on religious holidays during Passover, to the district where the defendant and the other potential witnesses resided); Bryant v. Carlson, 652 F. Supp. 1286, 1289 (D.D.C. 1987)(transferring inmate's claim for injunctive relief to the district where plaintiff and his medical records were located and where the relief, if any, also would be provided). Relevant files and potential witnesses in this case are primarily, if not exclusively, located in the Western District of Virginia.

Fourth, the Court should consider the speed of final resolution. Starnes, at 932. In Starnes, the Court noted that while relieving mere docket congestion is not a sufficiently compelling reason for transfer, providing a forum that will allow for an expeditious resolution to a case is certainly an appropriate factor to consider in making the decision whether or not to transfer venue. In this case, Plaintiff's Complaint alleges claims pertaining to acts which occurred wholly within the Western District of Virginia. Adjudication there will allow for a much more expeditious resolution of his claims.

Finally, the Court should examine whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. Starnes, at 933. This case concerns Plaintiff's particular circumstances at USP Lee County, and neither involves issues of national policy nor requires the testimony of high-level administrators located in Washington, D.C.[3]

Plaintiff's Complaint fails to state any compelling reason for bringing, or maintaining, this suit in the United States District Court for the District of Columbia. Accordingly, the

---

[3] Even if a national policy issue were before the Court, which it is not, where the claims concern the implementation of that policy, venue is appropriate in the district where the policy was implemented. See Huskey, 785 F. Supp at 7.

Starnes factors instruct that the case should be transferred to the Western District of Virginia.

## **CONCLUSION**

Because Plaintiff has filed three or more suits that were dismissed as frivolous, malicious or for failure to state a claim, the Court should revoke Plaintiff's *in forma pauperis* status, require Plaintiff to pay the full filing fee, stay this action pending Plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

In the alternative, for the convenience of the parties and witnesses, and in the interests of justice, under the facts of this case, this Court should exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the Western District of Virginia.

WHEREFORE, Defendant respectfully requests that the Court stay this action pending Plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay, or in the alternative transfer this case to the Western District of Virginia.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **ANDRE S. WATTS**
> **#13799083**
> **United States Penitentiary - Lee County**
> **P.O.B. 305**
> **Jonesville, Virginia   24263-0305**

on this  13th   day of November, 2006.

_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, )<br>#13799083 )<br>USP - Lee - POB 305 )<br>Jonesville, Virginia 24263-0305 )<br>   )<br>           Plaintiff,   )<br>   )<br>   v.        )<br>   )<br>UNITED STATES OF AMERICA,  )<br>   )<br>   )<br>           Defendant.  )<br>_____) | Civil Action No. 06-1531 (RJL) |

**ORDER**

Upon consideration of Defendant's Motion for a Stay and the entire record herein, it is this ____ day of _____, 2006, hereby ORDERED that Defendant's Motion is granted. This case is stayed for sixty (60) days, within which time Plaintiff shall file the applicable court filing fee. The Court's prior order granting Plaintiff's request to proceed *in forma pauperis* is rescinded and Plaintiff is informed that his failure to pay all applicable filing fees within sixty days will result in dismissal of this case.

_____
Richard J. Leon
United States District Judge