Exhibit

# Attachment     A

# U.S. Party/Case Index

## Civil Name Search Results

**66 Total Party matches for selection WATTS, ANDRE SYLVESTER for ALL COURTS**
**Search Complete**
**Wed Oct 11 13:56:53 2006**
**Selections 1 through 54 (Page 1)**

● Download (2 pages $ 0.08)


Next 12

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1 WATTS, ANDRE SYLVESTER | wvndce | 1:2004cv00040 | 05/18/2005 | 530 | 12/06/2005 |
| Watts v. Smith, et al | | | | | |
| 2 WATTS, ANDRE SYLVESTER | dcdce | 1:2002cv00079 | 01/16/2002 | 550 | 01/16/2002 |
| WATTS v. USA | | | | | |
| 3 WATTS, ANDRE SYLVESTER | wvsdce | 2:2004cv00150 | 02/23/2004 | 530 | 03/04/2004 |
| Watts v. Smith, et al | | | | | |
| 4 WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00186 | 08/25/2003 | 440 | 12/23/2003 |
| Watts v. Federal BOP, et al | | | | | |
| 5 WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00208 | 04/10/2006 | 530 | 04/19/2006 |
| Watts v. Federal Bureau of Prisons | | | | | |
| 6 WATTS, ANDRE SYLVESTER | dcdce | 1:2002cv00214 | 05/08/2002 | 550 | 10/31/2002 |
| WATTS v. BOP | | | | | |
| 7 WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00234 | 11/03/2003 | 530 | 12/23/2003 |
| Watts v. Bledsoe, et al | | | | | |
| 8 WATTS, ANDRE SYLVESTER | wvndce | 1:2003cv00257 | 11/19/2003 | 530 | 12/23/2003 |
| Watts v. Bledsoe, et al | | | | | |
| 9 WATTS, ANDRE SYLVESTER | vawdce | 7:2005cv00258 | 05/02/2005 | 550 | 05/06/2005 |
| Watts v. George et al | | | | | |
| 10 WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00269 | 05/02/2006 | 550 | 05/18/2006 |
| Watts v. O'Brien et al | | | | | |
| 11 WATTS, ANDRE SYLVESTER | vawdce | 7:2005cv00270 | 05/04/2005 | 530 | 07/18/2005 |
| Watts v. Bledsoe et al | | | | | |
| 12 WATTS, ANDRE SYLVESTER | dcdce | 1:2001cv00284 | 09/13/2001 | 550 | |
| WATTS v. WILLIAMS, et al | | | | | |
| 13 WATTS, ANDRE SYLVESTER | vawdce | 7:2006cv00291 | 05/11/2006 | 530 | 05/12/2006 |
| Watts v. O'Brien | | | | | |
| 14 WATTS, ANDRE SYLVESTER | dcdce | 1:2005cv00299 | 02/09/2005 | 530 | 02/09/2005 |
| WATTS v. KING | | | | | |

15 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00334 05/30/2006 530 05/31/2006
Watts v. O'Brien
16 WATTS, ANDRE SYLVESTER dcdce    1:1999cv00341 02/16/1999 550 01/24/2000
WATTS, et al v. DC GOVERNMENT, et al
17 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00341 02/27/2006 550
WATTS v. OFFICE OF THE SECRETARY OF STATE
18 WATTS, ANDRE SYLVESTER dcdce    1:1997cv00352 02/20/1997 550 02/20/1997
WATTS v. BREZZANO, et al
19 WATTS, ANDRE SYLVESTER pamdce 1:1996cv00368 03/01/1996 550 04/15/1996
Watts v. Brezzano, et al
20 WATTS, ANDRE SYLVESTER dcdce    1:2003cv00373 02/26/2003 530 02/26/2003
WATTS v. ASHCROFT
21 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00392 06/28/2006 510 06/29/2006
Watts v. O'Brien et al
22 WATTS, ANDRE SYLVESTER vawdce 7:2006cv00398 06/30/2006 540 09/29/2006
Watts v. United States Parole Commission
23 WATTS, ANDRE SYLVESTER vaedce  1:2002cv00432 03/25/2002 550 04/15/2002
Watts v. Garraghty, et al
24 WATTS, ANDRE SYLVESTER mddce   8:2003cv00464 02/19/2003 540 03/04/2003
Watts v. USDC
25 WATTS, ANDRE SYLVESTER pamdce 1:1997cv00528 04/04/1997 550 06/24/1997
Watts v. Brezzano, et al
26 WATTS, ANDRE SYLVESTER dcdce    1:2005cv00561 03/18/2005 550 03/18/2005
WATTS v. GEORGE et al
27 WATTS, ANDRE SYLVESTER vawdce 7:2005cv00601 09/28/2005 530 01/31/2006
Watts v. Federal Bureau of Prisons
28 WATTS, ANDRE SYLVESTER vawdce 7:2004cv00610 10/20/2004 530 10/20/2004
Watts v. Miller
29 WATTS, ANDRE SYLVESTER dcdce    1:1997cv00647 03/31/1997 540 05/30/1997
WATTS v. US PAROLE COMMISSION
30 WATTS, ANDRE SYLVESTER mddce   8:2006cv00652 03/13/2006 550 03/16/2006
Watts v. White
31 WATTS, ANDRE SYLVESTER gandce 1:2004cv00653 03/08/2004 530 05/19/2004
Watts v. Wiley
32 WATTS, ANDRE SYLVESTER dcdce    1:1999cv00735 03/25/1999 555 05/11/1999
WATTS v. DC, et al
33 WATTS, ANDRE SYLVESTER vawdce 7:2004cv00740 12/17/2004 550 12/17/2004
Watts v. Roff et al
34 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00755 04/25/2006 550
WATTS v. FEDERAL BUREAU OF PRISONS
35 WATTS, ANDRE SYLVESTER dcdce    1:2006cv00777 04/27/2006 550

Case 1:06-cv-01531-RJL   Document 8-2   Filed 11/13/2006   Page 4 of 10

WATTS v. GONZALES
36 WATTS, ANDRE SYLVESTER vaedce   1:1996cv00784 06/04/1996 510 06/04/1996
Watts v. U.S.A.
37 WATTS, ANDRE SYLVESTER dcdce   1:2005cv00849 04/29/2005 550 12/19/2005
WATTS v. U.S. DEPARTMENT OF JUSTICE et al
38 WATTS, ANDRE SYLVESTER vaedce   1:2002cv00861 06/14/2002 550 07/29/2002
Watts v. Eastern-Taylor, et al
39 WATTS, ANDRE SYLVESTER dcdce   1:2006cv00898 05/11/2006 540 05/11/2006
WATTS v. WATTS
40 WATTS, ANDRE SYLVESTER dcdce   1:2002cv00901 05/09/2002 550 05/09/2002
WATTS v. USA
41 WATTS, ANDRE SYLVESTER mddce   1:1999cv00925 03/31/1999 530 04/08/1999
Watts v. U.S. Parole Comm., et al
42 WATTS, ANDRE SYLVESTER mddce   8:2005cv01036 04/15/2005 530 10/06/2005
Watts v. United States Parole Commission
43 WATTS, ANDRE SYLVESTER scdce   0:2003cv01096 04/08/2003 555 05/21/2003
Watts v. FBOP
44 WATTS, ANDRE SYLVESTER vaedce   1:2001cv01134 07/18/2001 530 08/07/2001
Watts v. Garraghty
45 WATTS, ANDRE SYLVESTER pamdce 1:1997cv01245 08/13/1997 540 08/22/1997
Watts v. USPC
46 WATTS, ANDRE SYLVESTER dcdce   1:2003cv01294 06/17/2003 550 09/26/2005
WATTS v. FBOP, et al
47 WATTS, ANDRE SYLVESTER dcdce   1:2001cv01329 06/14/2001 550 11/01/2001
WATTS, et al v. WILLIAMS, et al
48 WATTS, ANDRE SYLVESTER dcdce   1:1997cv01367 06/17/1997 550 06/26/1997
WATTS v. FED BUREAU OF PRISON
49 WATTS, ANDRE SYLVESTER scdce   0:2003cv01417 06/16/2003 530 02/19/2004
Watts v. Smith, et al
50 WATTS, ANDRE SYLVESTER vaedce   1:2001cv01434 09/18/2001 530 10/19/2001
Watts v. Garraghty
51 WATTS, ANDRE SYLVESTER dcdce   1:2000cv01436 06/16/2000 530 10/11/2001
WATTS v. HARRISON
52 WATTS, ANDRE SYLVESTER vaedce   1:2001cv01502 09/27/2001 530 04/21/2003
Watts, et al v. Angelone, et al
53 WATTS, ANDRE SYLVESTER dcdce   1:2006cv01531 08/30/2006 550
WATTS v. UNITED STATES
54 WATTS, ANDRE SYLVESTER dcdce   1:2004cv01629 09/23/2004 550 03/14/2005
WATTS v. UNITED STATES DEPARTMENT OF JUSTICE, et al.

 Next 12

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/11/2006 13:56:53 | | | |
| **PACER Login:** | ▬▬▬ | **Client Code:** | ▬▬▬ |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | WATTS, ANDRE SYLVESTER |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

?**?**? Help

# Exhibit D

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 9 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00392 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN O'BRIEN, et al., | ) | By: Hon. Glen E. Conrad |
| Respondents. | ) | United States District Judge |

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts alleges that prison officials have improperly refused to give him grievance forms. Based on the nature of Watts's allegations, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, the court concludes that Watts has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### Background

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He executed the instant petition on June 25, 2006. Watts alleges that he was denied grievance forms on several occasions in May and June of this year.

---

[1] Watts does not allege that the denial of grievance forms will in any way affect the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749, 754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are so onerous as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this case. Thus, even if Watts's claims were analyzed under § 2241, they would still be subject to dismissal.

[2] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

Watts submitted several exhibits with his petition. The exhibits demonstrate that on June 4, 2006, Watts requested eighteen grievance forms. When his request was denied, Watts submitted an inmate request to Warden O'Brien. The Warden advised Watts that he could only receive one form at a time.

### Discussion

To the extent Watts alleges that prison officials violated his due process rights by refusing to provide grievance forms, his allegations are without merit. It is well established that "there is no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, the federal regulations pertaining to the Bureau of Prisons' grievance procedure do not give rise to a protected liberty interest. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."). Accordingly, Watts has failed to state a due process claim.

To the extent Watts's allegations can be construed to assert an access to courts claim under the First Amendment, such claim is also without merit. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Because Watts has not alleged facts demonstrating any specific harm to his litigation efforts, his access to courts claim must be dismissed.

For the reasons stated, the court will dismiss this action for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum

2

opinion and the accompanying order to the petitioner and counsel of record for the respondents.

ENTER: This ___29th___ day of June, 2006.

_____
United States District Judge

3

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**JUN 2 9 2006**

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00392 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| WARDEN O'BRIEN, et al., | ) | By: Hon. Glen E. Conrad |
| Respondents. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it is now

**ORDERED**

that this action shall be and hereby is **DISMISSED** without prejudice, pursuant to 28 U.S.C. §

1915A(b)(1), and **STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondents.

ENTER: This _____ day of June, 2006.

_____
United States District Judge