Exhibit _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE WATTS, | ) | Civil Action No. 7:06CV00334 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, WARDEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

The petitioner, Andre Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of mandamus under 28 U.S.C. § 1361. For the following reasons, the court concludes that the action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Background

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. Watts is housed in the special housing unit at the prison, pursuant to an administrative detention order issued on May 24, 2006. According to Watts, the administrative detention order was allegedly issued for the purpose of investigating a disciplinary violation. However, Watts contends that he has not committed any disciplinary violations, and that there is no need for him to be held in the special housing unit. Watts alleges that the respondent violated the federal regulations pertaining to administrative detention, 28 C.F.R. §§ 541.10-541.23, by not providing copies of the incident report or administrative detention order in a timely manner. Watts further alleges that the respondent violated his due process rights. Watts now seeks a writ of mandamus directing the respondent to release him from the special housing unit.

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief must show that he has no other adequate means to attain the relief he desires and that his entitlement to relief is clear and undisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). The United States Court of Appeals for the Fourth Circuit has held that a party seeking a writ of mandamus must demonstrate "each and every one" of the following "rigorous" requirements: "(1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

In this case, it is clear that Watts has other adequate means to attain the relief he requests. First, Watts may seek relief through the Federal Bureau of Prisons' administrative remedy process, which enables inmates to obtain formal review of issues that relate to any aspect of their confinement. See 28 C.F.R. §§ 542.10-542.19. Watts may also file an action for injunctive relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] Consequently, because other adequate means of obtaining the relief Watts desires are available, Watts is not entitled to mandamus relief.

---

[2] The court notes that if the petitioner chooses to file a Bivens action, he must first exhaust his administrative remedies. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.").

For the reasons stated, Watts's petition for writ of mandamus must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This ___31st___ day of May, 2006.

_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**MAY 3 1 2006**

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| **ANDRE WATTS,** | ) | |
| **Petitioner,** | ) | Civil Action No. 7:06CV00334 |
| | ) | |
| **v.** | ) | **FINAL ORDER** |
| | ) | |
| **TERRY O'BRIEN, WARDEN,** | ) | **By: Hon. Glen E. Conrad** |
| **Respondent.** | ) | **United States District Judge** |

In accordance with the accompanying memorandum opinion, it is hereby

**ORDERED**

that the petition for writ of mandamus filed by the petitioner shall be **DISMISSED** and

**STRICKEN** from the active docket of the court, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondent.

**ENTER:** This ⎯31st⎯ day of May, 2006.

_____
United States District Judge

Exhibit _____

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

ANDRE SYLVESTER WATTS,       )
           Petitioner,        )        Civil Action No. 7:06CV00291
                              )
v.                            )        **MEMORANDUM OPINION**
                              )
TERRY O'BRIEN, WARDEN,        )        By: Hon. Glen E. Conrad
           Respondent.        )        United States District Judge

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts challenges the legality of his confinement in administrative detention at United States Penitentiary (USP) - Lee in Jonesville, Virginia. Having reviewed Watts's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition.[1]

## Background

Watts executed the instant petition on May 9, 2006. He alleges that he has been housed in administrative detention since May 7, 2006. On that date, Watts was charged with using a telephone to further criminal activity. Watts contends that his due process rights were violated as a result of being placed in administrative detention, because there was insufficient evidence to support the disciplinary charge.

## Discussion

In order to prevail on a procedural due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due

---

[1] The court notes that because the petitioner's allegations relate to the conditions of his confinement, as opposed to the fact or duration of his confinement, the petition may be more appropriately construed as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, regardless of how the petition is construed, the court concludes that the petitioner has failed to state a claim upon which relief may be granted.

process safeguards when the punishment imposed inflicts an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997).

Having reviewed Watts's allegations, the court concludes that he has failed to allege sufficient facts to establish that his confinement in administrative detention poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504-505. As a result, Watts does not possess a liberty interest in avoiding confinement in administrative detention, and he is not entitled to due process protections.

For the reasons stated, the petition must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This __12th__ day of May, 2006.

_____
United States District Judge

---

[2]The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).

2

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ANDRE SYLVESTER WATTS,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:06CV00291** |
| | ) | |
| **v.** | ) | **FINAL ORDER** |
| | ) | |
| **TERRY O'BRIEN, WARDEN,** | ) | **By: Hon. Glen E. Conrad** |
| **Respondent.** | ) | **United States District Judge** |

In accordance with the accompanying memorandum opinion, it is hereby

## ORDERED

that the petition for writ of habeas corpus filed by the petitioner shall be **DISMISSED** and

**STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the petitioner and counsel of record for the respondent.

**ENTER:** This 12th day of May, 2006.

_____
United States District Judge