Exhibit  _E_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

ANDRE SYLVESTER WATTS,    )
    Plaintiff,    )    Civil Action No. 7:05CV00601
    )
v.    )    **MEMORANDUM OPINION**
    )
FEDERAL BUREAU OF PRISONS,    )    By: Hon. Glen E. Conrad
    Defendant.    )    United States District Judge

Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts seeks equitable relief for an alleged due process violation stemming from his increased custody classification. Based on the nature of Watts's claim, the court agrees with the Federal Bureau of Prisons (Bureau) that this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, the court will grant the Bureau's motion to dismiss.

## BACKGROUND

On May 26, 1999, Watts was convicted of robbery and assault on a police officer in the Superior Court of the District of Columbia. Watts was sentenced to consecutive terms of three to nine years for the robbery conviction and one to three years for the assault conviction. Watts has been incarcerated at the United States Penitentiary in Lee County, Virginia since 2004.

On February 5, 2005, Watts was classified in accordance with Bureau of Prisons Program Statement (P.S.) 5100.07. This program statement contains the procedure for assigning custody

levels to inmates according to their criminal histories, current offense[*], and institutional behavior. An inmate's custody level dictates the degree of staff supervision required for that inmate.  See P.S. 5100.07, Chapter 2, Page 2.  Watts was ultimately assigned to "in" custody, which requires the second highest level of security and staff supervision.  Id.  Watts's custody classification was based, in part, on the severity of his current offense.  The program statement provides that any robbery offense is considered an offense of the "greatest severity."  Id., Appendix B, Page 1.  As a result of having committed an offense of the greatest severity, seven points were added to Watts's base score.  Id., Chapter 8, Page 4.

Watts now alleges that the Bureau improperly calculated his custody calculation score, and that the Bureau's improper calculation has affected his ability to transfer to a lower security facility.

## DISCUSSION

The Bureau has moved to dismiss Watts's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When deciding a motion under this rule, the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient."  E. Shore Mkt., Inc. v .J.D. Assoc. Ltd, P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff

---

[*] An inmate's current offense is "the most severe offense for which the inmate is satisfying his or her legal confinement obligation."  P.S. 5100.07, Chapter 2, Page 2.

2

can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

In his complaint, Watts appears to allege that the Bureau violated his right to due process by classifying him at a higher level. The court agrees with the Bureau that such allegations fail to state a claim upon which relief may be granted. In order to establish a due process claim, "'a plaintiff must prove that he possessed a protected liberty or property interest and that he was deprived of that interest without being afforded the process to which he was constitutionally entitled.'" <u>Posey v. DeWalt</u>, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (quoting <u>Jackson v. Bostick</u>, 760 F. Supp. 524, 528 (D. Md. 1991)). As the Bureau explains in its motion to dismiss, Watts has no protected liberty interest in a particular custody classification or in being confined in a particular institution. <u>See Id.</u>; <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 at n. 9 (1976). Instead, the Bureau "has the discretion 'to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever and for no reason at all.'" <u>Posey</u>, 86 F. Supp. 2d at 571 (quoting <u>Lyons v. Clark</u>, 694 F. Supp. 184, 187 (E.D. Va. 1988)). Since Watts does not have a protected interest in a particular classification or in being assigned to a particular institution, his due process claim must be dismissed.

In response to the Bureau's motion, Watts also alleges that P.S. 5100.07 should be rescinded, because the Bureau failed to afford him "notice and opportunity to comment as mandated under 5 U.S.C. § 553 before its implementation." However, because the Bureau's program statement is analogous to an interpretative rule, it is excluded from the Administrative Procedure Act's notice and comment provisions. <u>See Reno v. Koray</u>, 515 U.S. 50, 59 (1995).

3

## CONCLUSION

For the reasons stated, the court concludes that Watts has failed to state a claim upon which relief may be granted.  Accordingly, the court will grant the Bureau's motion to dismiss. The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 21ˢᵗ day of January, 2006.

_____
United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| **ANDRE SYLVESTER WATTS,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00601 |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

In accordance with the accompanying memorandum opinion, it now

**ORDERED**

that the defendant's motion to dismiss shall be and hereby is **GRANTED**, and the above

referenced civil action shall be and hereby is **STRICKEN** from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying

memorandum opinion to the plaintiff and counsel of record for the defendants, if known.

ENTER: This 31st day of January, 2006.

_____
United States District Judge

Exhibit ___1___

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS,<br>Plaintiff, | ) ) ) | Civil Action No. 7:05-CV-00258 |
| | ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| GEORGE, ET AL.,<br>Defendants. | ) ) ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Andre Sylvester Watts, a Federal inmate proceeding pro se, brings this Bivens action, with jurisdiction vested under 28 U.S.C. § 1331. Watts is currently incarcerated at the United States Penitentiary in Lee County (USP Lee). Watts claims that the defendants have violated the terms of the Prison Litigation Reform Act (PLRA) by unduly encumbering Watts's inmate trust account. Watts seeks injunctive relief and damages. This matter is presently before this court as a result of the court's screening function, as set out in 18 U.S.C. § 1915A. Because Watts's complaint does not allege a claim for which relief may be granted, this court shall file and dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1).

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the reasons set forth below, the court finds that Watts's complaint fails to state a claim upon which relief may be granted.

Watts alleges that the defendants are withdrawing money from his inmate trust account in excess of that authorized by the PLRA. Watts claims that the PLRA only allows prison officials to remove 20% of the amount over $10. However, the PLRA authorizes prison officials to withhold 20% of the inmate's prior month's income for each suit for which the inmate has provided a signed consent form. See 28 U.S.C. § 1915(b)(2) (requiring the inmate "to make monthly payments of 20 percent of the preceding month's income").

According to the information provided by Watts, prison officials are withholding 20% of each month's income above $10 for each of Watts's five outstanding filing fees. The PLRA does not prohibit this action. Watts's has not stated a claim for which relief may be granted. Therefore, this court files and dismisses this <u>Bivens</u> action.

**ENTER**: This ___6th___ day of May, 2005.

UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**MAY 0 6 2005**

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | Civil Action No. 7:05-CV-00258 |
| **Plaintiff,** | ) | |
| | ) | **FINAL ORDER** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| GEORGE, ET AL., | ) | United States District Judge |
| **Defendants.** | ) | |

In accordance with the Memorandum Opinion entered this day, it is hereby **ADJUDGED** and **ORDERED** that plaintiffs' motion to proceed in forma pauperis shall be and hereby is **GRANTED**, and this Bivens action shall be and hereby is **FILED** and **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. This action is hereby stricken from the active docket of the court.

The Clerk of the Court is directed to send certified copies of this Order to the plaintiff.

**ENTER:** This __6th__ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE