Exhibit 6

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2004

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, #13799-083, Plaintiff, | Civil Action No. 7:04-CV-00740 |
| v. | MEMORANDUM OPINION |
| DR. ROFF, DR. JESUS, Defendants. | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Andre Sylvester Watts, a Federal inmate proceeding pro se, brings this action for a temporary restraining order. The complaint is construed as a Bivens action, with jurisdiction vested under 28 U.S.C. § 1331. Watts claims that the defendants' failure to test everyone at the United States Penitentiary in Lee County for Skabbies amounts to cruel and unusual punishment in violation of the Eighth Amendment. Watts seeks a temporary restraining order (TRO) requiring the testing of all inmates for Skabbies.

After reviewing the complaint, the court is of the opinion that plaintiff fails to show that a TRO is necessary. In addition, the court is of the opinion that plaintiff has not exhausted all administrative remedies and has not alleged a constitutional violation. Therefore, the court will deny the TRO and file and dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Procedural History

Watts claims that the defendants have refused to test all inmates for Skabbies and that their failure to do so jeopardizes the health of the inmates and amounts to cruel and unusual punishment in violation of the Eighth Amendment. Watts alleges that he suffered from Skabbies and was treated. Watts alleges that Skabbies causes a skin irritation. Watts requests that this

court issue a TRO to require the defendants to test all inmates for Skabbies.

## II. Analysis

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the reasons set forth below, the court finds that Watts's complaint fails to state a claim upon which relief may be granted.

### A. Temporary Restraining Order

The Court of Appeals for the Fourth Circuit has announced a four-part test in determining if injunctive relief is warranted. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The court must determine:

> (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal?
> (2) Has the petitioner shown that without such relief it will be irreparably injured?
> (3) Would the issuance of a stay substantially harm other parties interested in the proceeding?
> (4) Where lies the public interest?

Id. at 193.

Watts fails to address any of the Blackwelder factors in his motion for a TRO. However, because it appears that Watts has not exhausted his administrative remedies, and because his claim does not allege a constitutional violation, it is clear that he would not succeed on the merits. Therefore, the court will deny Watts's motion for a TRO.

2

**B. Exhaustion**

In order for a federal court to hear <u>Bivens</u> action, the plaintiff must first exhaust all administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a). In the case at bar, Watts has not alleged that he filed any grievances regarding his claims, much less that he exhausted all administrative remedies. While the court would normally request information from the plaintiff regarding exhaustion, because Watts has not alleged a constitutional deprivation, the court will simply dismiss this action.

**C. Cruel and Unusual Punishment**

The Eighth Amendment protects prisoners from cruel and unusual living conditions. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." <u>Id.</u> at 347. In fact, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); <u>Helling v. McKinney</u>, 509 U.S. 25 (1993).

Watts claims that he suffered from Skabbies and was later treated. Watts alleges that Skabbies cause irritation to the skin. Skin irritation does not rise to the level of a serious or significant physical injury, as required by <u>Strickler</u>. Therefore, Watts has not alleged facts that

3

would constitute a violation of the Eighth Amendment.

### III. Conclusion

Watts has not provided a sufficient showing of irreparable harm, lack of harm to others, probability of success on the merits, or public policy considerations to warrant the issuance of a temporary restraining order. In addition, it appears from the petition that Watts has not exhausted his administrative remedies. Finally, Watts's claim does not show sufficient harm to constitute a violation of the Eighth Amendment. Therefore, this court denies Watts's request for a temporary restraining order and files and dismisses this <u>Bivens</u> action.

ENTER: This \_\_10th\_\_ day of December, 2004.

                                                                      /s/
                                          UNITED STATES DISTRICT JUDGE

4

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2004

JOHN F. CORCORAN, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, #13799-083, Plaintiff, | Civil Action No. 7:04-CV-00740 |
| v. | FINAL ORDER |
| DR. ROFF, DR. JESUS, Defendants. | By: Hon. Glen E. Conrad United States District Judge |

In accordance with the Memorandum Opinion entered this day, it is hereby **ADJUDGED** and **ORDERED** that plaintiffs' request for a temporary restraining order be and hereby is **DENIED**, and this <u>Bivens</u> action be and hereby is **FILED** and **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. This action is hereby stricken from the active docket of the court.

The Clerk of the Court is directed to send certified copies of this Order to the plaintiff.

ENTER: This 16th day of December, 2004.

_____
UNITED STATES DISTRICT JUDGE

Exhibit ___H___

CLOSED, MAG

# U.S. District Court
## Eastern District of Virginia (Alexandria)
### CIVIL DOCKET FOR CASE #: 1:02-cv-00861-CMH

Watts v. Eastern-Taylor, et al
Assigned to: District Judge Claude M. Hilton
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/14/2002
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Andre Sylvester Watts**    represented by **Andre Sylvester Watts**
FCI Allenwood
PO Box 2000
White Deer, PA 17887-2000
PRO SE

**Defendant**

**Ms. Eastern-Taylor**
*S-1 Post Officer*

**Defendant**

**Lt. Hicks**

**Defendant**

**Sgt. Byrd**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2002 | 1 | Prisoner complaint administratively filed by Andre Sylvester Watts (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 1 | CONSENT to trial by Magistrate by Andre Sylvester Watts (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 2 | MEMORANDUM with Points and Authorities of Law by Andre Sylvester Watts in support of [1-1] civil rights complaint (karn) (Entered: 06/19/2002) |
| 06/14/2002 | 3 | APPLICATION/MOTION by Andre Sylvester Watts to Proceed in Forma Pauperis (karn) (Entered: 06/19/2002) |
| 07/29/2002 | 4 | ORDER, that this action is FILED solely for the administrative convenience of the Court; This action is DISMISSED for failure to state a claim, pursuant to 28 USC section 1915A(b)(1); Pltf is ADVISED that, pursuant to 28 USC section 1915(g), this dismissal may affect his ability to proceed in forma pauperis in future civil actions; [3-1] motion by |

|  |  | Andre Sylvester Watts to Proceed in Forma Pauperis is DENIED as moot (See Order for Details) (signed by Judge M. Hilton) Copies Mailed: yes [EOD Date: 7/30/02] (stas) (Entered: 07/30/2002) |
|---|---|---|
| 07/29/2002 |  | Dismissed pursuant to 28 USC 1915 (stas) (Entered: 07/31/2002) |
| 07/29/2002 |  | Case closed (stas) (Entered: 07/31/2002) |
| 07/29/2002 |  | All Pleadings Accounted for and in Order (stas) (Entered: 07/31/2002) |
| 08/08/2002 |  | Mail returned (copy of order, dated 7/29/02) sent to Andre Sylvester Watts (karn) (Entered: 08/09/2002) |
| 07/14/2003 | 5 | MOTION with Memorandum in Support by Andre Sylvester Watts for relief from judgment pursuant to FRCP Rule 60(b)(1) (kjon) (Entered: 07/16/2003) |
| 07/24/2003 | 6 | ORDER denying [5-1] motion by Andre Sylvester Watts to Reconsider Judgment; Should pltf wish to appeal, written Notice of Appeal must be filed with the Clerk of this Court within 30 days of the date of this Order. (see order for details) ( signed by Judge Claude M. Hilton ) Copies Mailed: 7/28/03 [EOD Date: 7/28/03] (karn) (Entered: 07/28/2003) |
| 08/04/2003 | 7 | NOTICE OF APPEAL OF [6-1] order of 7/24/03 by Andre Sylvester Watts. Copy of notice, order, and certified docket sheet mailed to USCA. Copies sent to Andre Sylvester Watts (karn) (Entered: 08/05/2003) |
| 08/18/2003 |  | USCA Case Number Re: [7-1] appeal by Andre Sylvester Watts CASE MANAGER: Joy Hargett USCA NUMBER: 03-7212 (karn) (Entered: 08/18/2003) |
| 08/18/2003 | 8 | NOTICE of change of Address by Andre Sylvester Watts to: FCI Gilmer, P.O. Box 6000, Glenville, WV 26351 (karn) (Entered: 08/19/2003) |
| 08/20/2003 |  | Certified and transmitted Record on Appeal to U.S. Court of Appeals: [7-1] appeal by Andre Sylvester Watts (1 VOLUME) (karn) (Entered: 08/20/2003) |
| 09/08/2003 | 9 | USCA Order as to plaintiff Andre Sylvester Watts; The Court grants appellant leave to proceed on appeal without full prepayment of fees on the terms imposed by the Prison Litigation Reform Act. (karn) (Entered: 09/09/2003) |
| 01/15/2004 | 10 | Opinion of USCA re: [7-1] appeal by Andre Sylvester Watts DECIDED: 1/14/04 AFFIRMING the reasons stated in the district court's order (karn) (Entered: 01/15/2004) |
| 02/06/2004 | 11 | JUDGMENT OF USCA (certified copy) with copy of opinion of USCA affirming the judgment of the District Court re: [7-1] appeal (karn) (Entered: 02/06/2004) |
| 02/06/2004 |  | Record on Appeal returned from U.S. Court of Appeals: 1 Volume (karn) (Entered: 02/06/2004) |
| 06/08/2004 |  | Prisoner Payment paid in the amount:$ 11.05 Receipt: 100 172806 (karn) |

| | | |
|---|---|---|
| | | (Entered: 06/09/2004) |
| 06/08/2004 | | Prisoner Payment paid in the amount:$ 1.65 Receipt: 100 172805 (karn) (Entered: 06/09/2004) |
| 12/07/2004 | | Prisoner Payments paid in the amount:$ .31 and $.76 Receipt: 100 176969 & 100 176970 (karn) (Entered: 12/07/2004) |
| 05/10/2005 | | Prisoner Payment: $ 3.40, receipt number 100 180386 (karn, ) (Entered: 05/10/2005) |
| 06/06/2005 | | Prisoner Payment in the amount of $ 8.52, receipt number 100 180968 (jcup, ) (Entered: 06/07/2005) |
| 09/09/2005 | | Filing fee: $ 0.60, receipt number 100 182905 (jwhe, ) (Entered: 09/12/2005) |
| 12/09/2005 | | Prisoner Payment: $ 2.56, receipt number 100 184721 (jwhe, ) (Entered: 12/09/2005) |
| 01/10/2006 | | Prisoner Payment paid in the amount: $ 3.52, receipt number 100 185260 (klau, ) (Entered: 01/10/2006) |
| 02/07/2006 | | Filing fee: $ 3.52, receipt number 100185817 (jwhe, ) (Entered: 02/07/2006) |
| 03/09/2006 | | Prisoner Payment/Filing fee received: $ 3.52, receipt number 100 186596 (stas) (Entered: 03/10/2006) |
| 04/11/2006 | | Prisoner Payment: $ 2.77, receipt number 100 187297 (pmil) (Entered: 04/12/2006) |
| 05/09/2006 | | Filing fee: $ 3.86, receipt number 100 187919 (jwhe, ) (Entered: 05/10/2006) |
| 06/07/2006 | | Prisoner Payment: $ 4.20, receipt number 100 188469 (pmil) (Entered: 06/07/2006) |
| 09/12/2006 | | Prisoner Payment: $ 5.04, receipt number 100 190202 (nhall) (Entered: 09/12/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/11/2006 09:38:51 | | | |
| PACER Login: | mr0338 | Client Code: | stevens |
| Description: | Docket Report | Search Criteria: | 1:02-cv-00861-CMH |
| Billable Pages: | 2 | Cost: | 0.16 |