UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, )<br>#13799083 )<br>USP - Lee - POB 305 )<br>Jonesville, Virginia 24263-0305 )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>     Defendant. )<br>) | Civil Action No. 06-1531 (RJL) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING PLAINTIFF'S PAYMENT OF FULL FILING FEES UNDER THE PLRA, OR IN THE ALTERNATIVE, TO TRANSFER, AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Plaintiff Andre Sylvester Watts, a *pro se* federal prisoner, brought the above-captioned action against the United States of America under the Federal Tort Claims Act ("FTCA"), seeking money damages for the Bureau of Prisons' maintenance of allegedly inaccurate information in its files. See Compl. For the reasons set forth below and in Defendant's motion, Defendant respectfully requests this Court to stay these proceedings pending Plaintiff's payment of the full filing fee because Plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to *in forma pauperis* status under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.[1] In the alternative, Defendant respectfully

---

[1] Because the "three strikes" provision affects the Plaintiff's ability to bring the suit, Defendant's motion was intended only to revoke Plaintiff's *in forma pauperis* status and was not intended as a motion pursuant to Fed. R. Civ. P. 12. The United States respectfully reserves any and all defenses available under Rule 12.

requests that the Court transfer this case to the United States District Court for the Western District of Virginia, where Plaintiff is incarcerated, for the convenience of the parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. § 1404(a).

On November 13, 2006, Defendant BOP moved to stay proceedings pending Plaintiff's payment of the full filing fees under the PLRA, or in the alternative to transfer. Document No. 8. On December 26, 2006, Plaintiff responded to Defendant's motion by filing a "motion to amend federal tort claim." Document No. 9.[2] However, Plaintiff's submission fails to address Defendant's argument that he is not entitled to *in forma pauperis* status, and thus, if he fails to pay the full filing fee, the case should be dismissed. See Smith v. District of Columbia, 182 F.3d 25, 29-30 (D.C. Cir. 1999). Furthermore, Plaintiff altogether fails to address Defendant's alternative argument that the case should be transferred to the Western District of Virginia. Instead Plaintiff's submission asserts that his case should be transferred to the Court of Federal Claims. Document No. 9.

It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002). Thus, Plaintiff should be deemed to have conceded that he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim, and his *in forma pauperis* status should be revoked. See Def. Motion,

---

[2] Plaintiff's response was filed out of time pursuant to LCvR 7(b).

Exh. A-I.[3]  Plaintiff's only assertion that he did not know about the provisions of the PLRA fails to refute this.  Pl. Motion at 5.  Therefore, Defendant's motion is unopposed, and if Plaintiff fails to pay the full filing fee, his claims in this case should be dismissed.  Additionally, Defendant's alternative argument that the case should be transferred to the Western District of Virginia should also be deemed conceded.

   Finally, although Plaintiff styles his response as a "motion to amend," it appears that Plaintiff is requesting the transfer of this case to the Court of Federal Claims.  Document No. 9.  Defendant opposes any motion to amend Plaintiff's Complaint on the grounds that he is not entitled to *in forma pauperis* status, and thus, if he fails to pay the full filing fee, the case should be dismissed.  See Smith v. District of Columbia, 182 F.3d 25, 29-30 (D.C. Cir. 1999).  In any event, transfer to the Court of Federal Claims is not appropriate in this case.  The Tucker Act, 28 U.S.C. § 1491, provides the exclusive remedy for contract claims against the government, see Transohio Savs. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 609 (D.C. Cir. 1992), and provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); see also Hansson v. Norton, 411 F. 3d 231, 232-33 (D.C. Cir. 2005)(a district court lacks jurisdiction over contract claims against the United States for more than $10,000, over which the Court of Federal Claims has exclusive jurisdiction).

---

[3]  In fact, as Defendant set forth in its motion, Plaintiff is a serial filer having filed over 65 suits in various federal courts.  See Def. Motion, Exh. A, PACER Case Index Report.  Of these suits, at least 7 have been dismissed such that they count as strikes under the PLRA.  Def. Exh. A-I.

Plaintiff inexplicably submits that this is a breach of contract action, but he fails to allege facts sufficient to show that he had any contract with the BOP or that the BOP breached a contract with Plaintiff. See Pl. Motion. Plaintiff brought the instant action pro se against the United States of America under the Federal Tort Claims Act ("FTCA"), seeking money damages for the Bureau of Prisons' maintenance of allegedly inaccurate information in its files. See Compl. Therefore, the Court of Federal Claims does not maintain jurisdiction over his claims, and Plaintiff's "motion to amend" should be denied. See Def. Motion. If this Court were to determine that transfer is appropriate, the case should be transferred to the Western District of Virginia, not the Court of Federal Claims. See Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc)("many if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate.").

## CONCLUSION

Because Plaintiff has filed three or more suits that were dismissed as frivolous, malicious or for failure to state a claim, the Court should revoke Plaintiff's *in forma pauperis* status, require Plaintiff to pay the full filing fee, stay this action pending Plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

In the alternative, for the convenience of the parties and witnesses, and in the interests of justice, under the facts of this case, this Court should exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the Western District of Virginia.

WHEREFORE, Defendant respectfully requests that the Court stay this action pending Plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay, or in the

alternative transfer this case to the Western District of Virginia.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/
        MEGAN L. ROSE, N.C. Bar # 28639
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W. - Civil Division
        Washington, D.C.  20530
        (202) 514-7220

## CERTIFICATE OF SERVICE

      I certify that the foregoing **Reply** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **ANDRE S. WATTS**
> **#13799083**
> **United States Penitentiary - Lee County**
> **P.O.B. 305**
> **Jonesville, Virginia   24263-0305**

on this __9th__ day of January, 2007.

 

    MEGAN L. ROSE
    Assistant United States Attorney
    Judiciary Center Building - Civil Division
    555 4th Street, NW
    Washington, D.C. 20530